FILED

JUL 2 7 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN K. TOMLINSON,<br>BOP #04796-298<br><br>                           Plaintiff,<br><br><br><br>vs.<br><br><br><br>MONEQUE ASCHKENOSY; JEFF<br>SAGERS; LAURA DUFFY; DAVID<br>LESHNER; SANJA BHENGARI;<br>BERNARD SKOMAL; STEVEN STONE;<br>PAUL CROUCH; JANNETTE HILL;<br>JOHN KELLY; ALLEN STEVENS;<br>JOCK BAHSHAR; PAUL SWEENEY;<br>ALBERT ADELMAN,<br><br>                           Defendants. | Civil    12cv1440 WQH (MDD)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [ECF No. 2];**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 3];**<br><br>**(3)  DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND**<br><br>**(4) DENYING MOTION FOR 90 DAY EXTENSION TO SERVE PAPERS [ECF No. 5]** |

Plaintiff, a federal inmate currently incarcerated at the Federal Correctional Institution located in Lompac, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1985.   Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C.

1 § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28
2 U.S.C. § 1915(a) [ECF No.2], along with a Motion for Appointment of Counsel [ECF No. 3] and
3 a Motion for a "90 day Extension to serve Papers to Parties in Litigation, et al." [ECF No. 5].

4 **I.     MOTION TO PROCEED IFP**

5     All parties instituting any civil action, suit or proceeding in a district court of the United
6 States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28
7 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is
8 granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493
9 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
10 Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in
11 installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28
12 U.S.C. § 1915(b)(1) & (2).

13     The Court finds that Plaintiff has submitted a certified copy of his trust account statement
14 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement
15 shows that he has insufficient funds from which to pay an initial partial filing fee.

16     Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No.2] and
17 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further
18 orders the Warden of the Federal Correctional Institution to garnish the entire $350 balance of
19 the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to
20 the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

21 **II.    MOTION FOR APPOINTMENT OF COUNSEL**

22     Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil
23 action. The Constitution provides no right to appointment of counsel in a civil case, however,
24 unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept.*
25 *of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district
26 courts are granted discretion to appoint counsel for indigent persons. This discretion may be
27 exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th
28 Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

1 │ 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se
2 │ in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and
3 │ both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,
4 │ 789 F.2d 1328, 1331 (9th Cir. 1986)).

5 │     The Court denies Plaintiff's request without prejudice because, for the reasons set forth
6 │ below, neither the interests of justice nor exceptional circumstances warrant appointment of
7 │ counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at
8 │ 1017.

9 │ **III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

10 │     The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also
11 │ obligate the Court to review complaints filed by all persons proceeding IFP and by those, like
12 │ Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or
13 │ adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
14 │ probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
15 │ *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   Under these provisions, the Court must sua
16 │ sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
17 │ which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
18 │ are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
19 │ 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
20 │ 2000) (§ 1915A).

21 │     Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
22 │ dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  However, 28
23 │ U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
24 │ make and rule on its own motion to dismiss before directing that the Complaint be served by the
25 │ U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
26 │ but requires a district court to dismiss an in forma pauperis complaint that fails to state a
27 │ claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
28 │ § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Plaintiff is in federal custody and seeks to hold purported federal actors liable for alleged civil rights violations. Thus, while the Court notes that while Plaintiff purportedly brings this action under § 1983 and § 1985, the Court will liberally construe some of his claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by a federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v.*

1   *Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988);

2   *Daly- Murphy*, 837 F.2d at 355.

3   Nor does *Bivens* provide a remedy for alleged wrongs committed by a private entity

4   alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional*

5   *Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the*

6   *officer*,' not the agency.") (quoting *Meyer*, 510 U.S. at 485); *Malesko*, 534 U.S. at 66 n.2

7   (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").

8   **A.    Appointed and Retained Counsel**

9   Plaintiff names a number of individuals who appear to have acted as his defense counsel

10   during his criminal trial.  It is not clear whether some of these attorneys were retained by

11   Plaintiff or appointed to represent him.  Regardless, Plaintiff cannot seek money damages for

12   alleged civil rights violations as these parties are neither state nor federal actors. A person "acts

13   under color of state law [for purposes of § 1983] only when exercising power 'possessed by

14   virtue of state law and made possible only because the wrongdoer is clothed with the authority

15   of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v.*

16   *Classic*, 313 U.S. 299, 326 (1941)).  Attorneys appointed to represent a criminal defendant

17   during trial, do not generally act under color of state law because representing a client "is

18   essentially a private function ... for which state office and authority are not needed." *Polk*

19   *County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

20   Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients,

21   investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not

22   act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42,

23   53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th

24   Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under

25   § 1983 because, so long as he performs a traditional role of an attorney for a client, "his

26   function," no matter how ineffective, is "to represent his client, not the interests of the state or

27   county.").

28   ///

1   Accordingly, Plaintiff's claims against his defense counsel must be dismissed for failing
2   to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C.
3   § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

4   Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the
5   alleged ineffectiveness assistance of his trial and appellate counsel, his claim amounts to an
6   attack on the validity of his underlying criminal proceedings, and as such, is not cognizable
7   under 42 U.S.C. § 1983 unless and until he can show that conviction has already been
8   invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850,
9   855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted
10  available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at
11  489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for
12  allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions
13  whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must
14  prove that the conviction or sentence has been reversed on direct appeal, expunged by executive
15  order, declared invalid by a state tribunal authorized to make such determination, or called into
16  question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.
17  A claim challenging the legality of a conviction or sentence that has not been so invalidated is
18  not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

19  In *Heck*, the Supreme Court held that:

20  When a state prisoner seeks damages in a section 1983 suit, the
    district court must consider *whether a judgment in favor of the*
21  *plaintiff would necessarily imply the invalidity of his conviction or*
    *sentence*; if it would, the complaint must be dismissed unless the
22  plaintiff can demonstrate that the conviction or sentence has already
    been invalidated. But if the district court determines that the
23  plaintiff's action, even if successful, will not demonstrate the
    invalidity of any outstanding criminal judgment against the plaintiff,
24  the action should be allowed to proceed.

25  *Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed
26  for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds
27  in invalidating his conviction. *Edwards*, 520 U.S. at 649.
28  / / /

6                                    12cv1440 WQH (MDD)

1    Here, Plaintiff's ineffective assistance of counsel claims against his defense counsel
2    "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration.
3    *Heck*, 512 U.S. at 487.  Were Plaintiff to succeed in showing that his defense counsel rendered
4    ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity"
5    of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed
6    on ineffective assistance claim petitioner must show that counsel's performance fell below
7    objective standard of reasonableness and that but for counsel's errors the result of the trial would
8    have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for
9    ineffective assistance of counsel is a conditional writ granting petitioner's release unless state
10   retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable
11   time).   Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal
12   proceedings in a  criminal case, and because he has not alleged that his conviction has already
13   been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at
14   489-90.

15   **B.      Prosecutorial Immunity**

16   Likewise, the Court must dismiss Plaintiff's claims for money damages against Defendant
17   Duffy. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts
18   committed within the scope of their official duties which are "intimately associated with the
19   judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also*
20   *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93
21   (1991).   A prosecutor is immune even when the prosecutor's malicious or dishonest action
22   deprived the defendant of his or her liberty. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.
23   1986).  Thus, Plaintiff's claim against Defendant Duffy is dismissed pursuant to 28 U.S.C. §
24   1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such
25   relief without leave to amend.

26   Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua
27   sponte for seeking monetary damages against immune defendants and for failing to state a claim
28   upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  In

1    addition, the Court **DENIES** Plaintiff's Motion for an Extension of Time to serve the
2    Defendants with his Complaint as moot in light of the dismissal of the entire action.

3    **IV.    CONCLUSION AND ORDER**

4        Good cause appearing, **IT IS HEREBY ORDERED**:

5        1.    Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without
6    prejudice.

7        2.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.2] is
8    **GRANTED**.

9        3.    The Warden for the Federal Correctional Institution, or his designee, shall collect
10   from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by
11   collecting monthly payments from the account in an amount equal to twenty percent (20%) of
12   the preceding month's income and forward payments to the Clerk of the Court each time the
13   amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).    ALL
14   PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
15   ASSIGNED TO THIS ACTION.

16       4.    The Clerk of the Court is directed to serve a copy of this Order on Warden, Federal
17   Correctional Institution, 3600 Guard Road, Lompac, California 93436-2705.

18       **IT IS FURTHER ORDERED** that:

19       5.    Plaintiff's Complaint is **DISMISSED** for seeking monetary damages against
20   immune defendants and for failing to state a claim upon which relief could be granted. *See* 28
21   U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days
22   leave from the date this Order is "filed" in which to file a First Amended Complaint which cures
23   all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete
24   in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants
25   not named and all claims not re-alleged in the Amended Complaint will be deemed to have been
26   waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

27   / / /
28   / / /

8

1    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief
2    may be granted, it may be dismissed without further leave to amend and may hereafter be
3    counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
4    (9th Cir. 1996).

5        6.    Plaintiff's Motion for 90 Day Extension [ECF No. 5] is **DENIED** as moot.

6        7.    The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

7
8    DATED: 7/2/12

9                        HON. WILLIAM Q. HAYES
                         United States District Judge
10

9

12cv1440 WQH (MDD)